Tuesday                                  14th

December, 2004.


In Re:  Jose Antonio Lima,                                                                        Petitioner.

Record No. 2710-04-4


Upon a Petition for a Writ of Actual Innocence

Before Chief Judge Fitzpatrick, Judges Elder and Humphreys


Jose Antonio Lima petitions this Court for a Writ of Actual Innocence pursuant to Chapter 19.3 of Title 19.2 of the Code of Virginia.  In support of his request for such writ Lima contends he is actually innocent of the offenses for which he was convicted.  Lima asserts instances of trial court error, prosecutorial misconduct, and ineffective assistance of counsel, as well as insufficient evidence at trial, support his claim of innocence.  However, Lima does not proffer any newly-discovered evidence that would prove his innocence.  Therefore, this petition is summarily dismissed.

The Court of Appeals derives its power to issue writs of actual innocence pursuant to Code § 19.2-327.10, *et seq.*  Code § 19.2-327.11 states that

> [t]he petitioner shall allege categorically and with specificity . . . (iii) an exact description of the *previously unknown or unavailable evidence* supporting the allegation of innocence; (iv) that such evidence was *previously unknown or unavailable* to the petitioner or his trial attorney of record at the time the conviction became final in the circuit court; (v) the date the *previously unknown or unavailable evidence* became known or available to the petitioner, and the circumstances under which it was discovered; (vi) that the *previously unknown or unavailable evidence* is such as could not, by the exercise of diligence, have been discovered or obtained before the expiration of 21 days following entry of the final order of conviction by the court; (vii) the *previously unknown or unavailable evidence* is material and when considered with all of the other evidence in the current record, will prove that no rational trier of fact could have found proof of guilt beyond a reasonable doubt; and (viii) the *previously*

*unknown or unavailable evidence* is not merely cumulative, corroborative or collateral.

(Emphasis added.) Thus, the writ of actual innocence can only be issued based on previously unknown or unavailable evidence that could not be discovered or obtained prior to the trial court's loss of jurisdiction.

Lima does not claim to have discovered any new evidence that demonstrates he is actually innocent of the crimes for which he was convicted. In his petition, Lima claims evidence became known or available in May 2004, but only alleges that what is new is that he has a better understanding of the English language and the judicial system. Such progress is not "evidence" proving or disproving any fact in issue as to whether Lima committed the crimes for which he was convicted. The Court can only assume that there is no newly discovered evidence and Lima is trying to obtain an appeal of right through a petition for a writ of actual innocence. The remedy of the writ of actual innocence, however, requires the late discovery of previously unknown or unavailable evidence that could not have been gained through diligent efforts at the time of trial and that would cause no rational trier of fact to find the petitioner guilty had it been available. Code § 19.2-327.11.

Accordingly, because there is no proffer of evidence that was previously unknown or unavailable, as required by Code § 19.2-327.11, this petition is summarily dismissed. The issue addressed herein is of first impression and the members of the bar may benefit from the directives herein, the clerk is directed to publish this order.

A Copy,

Teste:

Clerk